IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JAMES HALLE,

Plaintiff,

vs.

OFFICER JANSEN, K-9 OFFICER RIPPERDA, OFFICER BEGGS, OFFICER SHEWARD, and OFFICER BUNDY,

Defendants.

Case No. 3:25-cv-1754-JPG

# MEMORANDUM AND ORDER

This matter comes before the Court on the Motion for Entry of a Proposed Order Governing Discovery of Electronically Stored Information (Doc. 34) and Motion for Leave to File Second Amended Complaint (Doc. 42) filed by Plaintiff James Halle. Defendants responded, opposing both motions. (Docs. 39 & 43). For the reasons explained below, the former motion is **DENIED without prejudice,** and the latter is **GRANTED in part and DENIED in part**.

## I. Background

This case arose out of a traffic stop of a vehicle Plaintiff was driving on September 9, 2023. The traffic stop was conducted by Centralia Police Department ("CPD") officers who recorded portions of the stop with cameras. Plaintiff brought this action under 42 U.S.C. § 1983 pro se, alleging violation of his Fourth and Fourteenth Amendment rights for unlawful arrest, detention, search, and/or seizure and malicious prosecution. He also brought a claim for conspiracy to deprive him of his constitutional rights under 42 U.S.C. § 1985.

## II. Motion for Entry of Proposed Order Governing Discovery of Electronically Stored Information (Doc. 34)

Plaintiff moved for the entry of a proposed order governing the discovery of electronically stored information ("ESI"). Defendants opposed the motion, arguing that an ESI protocol is not necessary in this case. Plaintiff did not reply. Entry of an ESI protocol is not rule-mandated. Absent a stipulation by the parties, the party seeking the entry of an ESI protocol has the burden of showing that there is good cause for its adoption. *See, e.g.*, *Wickersham v. Eastside Distilling, Inc.*, 692 F. Supp. 3d 1052, 1065 (D. Or. 2023), *modified in part on other grounds*, 713 F. Supp. 3d 1013 (D. Or. 2024) (denying the defendant's motion for entry of an ESI protocol when there was no evidence that plaintiff had wrongfully withheld any relevant documents or entry of the protocol was otherwise justified).

While the motion does not address why an ESI protocol is necessary in this case, Plaintiff previously communicated to the Court his concerns regarding the maintenance of and access to relevant ESI, including metadata. The proposed ESI protocol governs the preservation and identification of relevant ESI and provides for its production in a native format with metadata maintained. However, entry of an ESI protocol is not necessary to achieve those goals.

First, even without a stipulated or court-ordered ESI protocol, Plaintiff may serve Defendants with a request for production of relevant ESI and "specify the form or forms in which [ESI] is to be produced." Fed. R. Civ. P. 34(b)(1)(C); Fed. R. Civ. P. 34(b)(1)(C)(E) ("A party must produce documents as they are kept in the usual course of business . . . [.] If a request does not specify a form for producing electronically stored information, a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms."). As

to the preservation of relevant ESI, Defendants explain that CPD uses Axon for its camera services. Axon's system collects data directly from CPD's cameras and stores it on a cloud-based system. That system "generates permanent, tamper-proof audit trails that automatically log every action, such as viewing, editing, or sharing a file." (Doc. 39, pp. 1-2). Defendants represent that while CPD can redact videos stored on Axon's servers and create new videos as needed, all revisions are noted in Axon's audit trails. As such, Plaintiff will have the ability to determine whether any produced videos have been edited. Defendants further state that they do not object to the production of original copies of relevant videos in their possession along with the corresponding audit trail for each video. Plaintiff will also be able to subpoena Axon if deemed necessary.

Plaintiff has not filed a reply addressing Defendants' objections or otherwise demonstrating the necessity for the entry of the proposed ESI protocol. Based on the record before it, the Court finds that the Federal Rules of Civil Procedure in place adequately address any needs for ESI discovery in this case. Accordingly, the Motion for Entry of a Proposed Order Governing Discovery of Electronically Stored Information (Doc. 34) is **DENIED without prejudice**.

**III. Motion for Leave to File Second Amended Complaint (Doc. 42)**

Plaintiff has moved for leave to file a proposed second amended complaint. (Doc. 42).[1] He argues that the amendment conforms the factual allegations to the evidence developed to date, identifies by name the officer who handled the canine unit, dismisses Defendant Sheward against whom Plaintiff no longer asserts a claim, and replaces Plaintiff's municipal-liability count with a statutory indemnification count under 745 ILCS 10/9-102. Defendants oppose the motion. They argue it was filed two days after the deadline set in the Scheduling and Discovery Order and that

[1] Plaintiff had previously amended the original complaint once as a matter of right. (Doc. 17).

allowing the amendment would cause them significant costs for filing a motion to dismiss and/or for conducting additional discovery, including taking deposing Plaintiff for a second time. (Doc. 43). Under the Scheduling and Discovery Order in place, motions to amend pleadings were due on October 20, 2026. (Doc. 33-1). Plaintiff originally moved to amend the complaint on October 22, 2026, but the Court struck the motion due to his failure to comply with local rules. (Docs. 40 & 41). Plaintiff then resubmitted his motion on October 30, 2026, within the extension granted by the Court. (Doc. 42).

Because the time for amendment as a matter of right has passed, whether Plaintiff should be allowed to amend his complaint is typically governed by Federal Rule of Civil Procedure 15(a)(2). Rule 15(a)(2) provides that a plaintiff may amend his pleading only with the opposing parties' written consent, which the plaintiff has not obtained, or leave of court, which the Court should freely give when justice requires. Fed. R. Civ. P. 15(a)(2). However, because a scheduling order has been entered and Plaintiff did not move to amend the complaint within the deadline set forth therein, Rule 16 applies before Rule 15 is considered. *Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011). Rule 16 requires a showing of good cause before a scheduling order is modified. Fed. R. Civ. P. 16. Accordingly, the Court considers first whether Plaintiff has shown good cause for the two-day delay in moving to amend the complaint.

*a. Rule 16(b)(4)*

Under Rule 16(b)(4), a scheduling order can only be modified "for good cause and with the judge's consent." Fed. R. Civ. P. 16 (b)(4). District courts determining whether good cause exists under Rule 16(b)(4) should primarily focus on the "diligence of the party seeking amendment." *See Peters v. Wal-Mart Stores E., LP*, 512 F. App'x 622, 627–28 (7th Cir. 2013);

*Alioto,* 651 F.3d at 720; *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005).

Here, Plaintiff explained that the two-day delay in moving to amend the complaint was due to him being occupied with answering Defendants' written discovery, sitting for his own deposition, which took place on October 8, 2026, and due to a head injury that he sustained in August 2026, which at times impairs his concentration. (Doc. 40). While none of those reasons independently would have precluded Plaintiff from moving to amend the complaint by October 20, 2026, the Court finds that their combined effect justifies the short two-day delay. In finding so, the Court has considered Plaintiff's diligent prosecution of this case to this day as well as the fact that he is proceeding pro se.

Defendants argue that Plaintiff's two-day delay should be analyzed under Rule 6(b)(1), which allows for the extension of deadlines after their expiration only upon showing of excusable neglect. Fed. R. Civ. p. 6(b)(1). However, Rule 16(b) is the specific provision governing modifications of scheduling orders. The Seventh Circuit has repeatedly stated that Rule 16(b)(4) governs the timeliness of motions for leave to amend the complaint that are filed after the expiration of the relevant deadline set in a scheduling order. *See Allen v. Brown Advisory, LLC*, 41 F.4th 843, 852 (7th Cir. 2022) ("We begin with Rule 16(b)(4), which provides that a party seeking to amend the pleadings after the expiration of the deadline in the scheduling order must show 'good cause' for the late amendment"); *Peters v. Wal-Mart Stores E., LP*, 512 F. App'x 622, 627 (7th Cir. 2013) (explaining that when more than a year had passed from the scheduling order's deadline to amend the complaint, the plaintiff first had to show good cause under Rule 16(b)(4) to modify the scheduling order); *Trustmark,* 424 F.3d at 553 (same).

Even under the Rule 6(b)(1) excusable neglect standard, Plaintiff is still justified for the two-day delay in filing his motion. The inquiry of excusable neglect is "an equitable one." *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). The Court should consider "all relevant circumstances surrounding the party's omission [including] . . . the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* Here, Defendants cannot genuinely argue that they are prejudiced by the short two-day delay in the filing of the motion. Discovery is not set to close until January 22, 2027. Plaintiff's deposition was taken on October 8, 2026. Even if Plaintiff had moved to amend the complaint on October 20, 2026, within the deadline set in the Scheduling Order, retaking Plaintiff's deposition would still be necessary. Likewise, the cost for preparing a motion to dismiss would be the same even if Plaintiff had brought the amended complaint within the original deadline. Accordingly, the Court finds that Plaintiff has shown good cause for extending the Scheduling Order deadline for filing an amended pleading. The Court next considers whether leave to amend the complaint should be granted under Rule 15.

*b. Rule 15(a)(2)*

Generally, the decision whether to grant a party leave to amend the pleadings is a matter left to the discretion of the district court. *Orix Credit Alliance v. Taylor Mach. Works*, 125 F.3d 468, 480 (7th Cir. 1997); *Sanders v. Venture Stores*, 56 F.3d 771, 773 (7th Cir. 1995). A court should allow amendment of a pleading except where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously

allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment. *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010) (citing *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007)). An amendment is futile if it would not survive a motion to dismiss for failure to state a claim, *General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1085 (7th Cir. 1997), or a motion for summary judgment, *Bethany Pharmacal Co. v. QVC, Inc.*, 241 F.3d 854, 860 (7th Cir. 2001). An amendment that does not assert new claims is less likely to cause any prejudice, while one that "comes late in the litigation and will drive the proceedings in a new direction" is more likely to be prejudicial. *Allen v. Brown Advisory, LLC*, 41 F.4th 843, 853 (7th Cir. 2022).

Here, Counts I –V of the proposed amended complaint restate claims that were already asserted in the operative complaint: unlawful prolongation of the stop, unlawful search of the vehicle, false arrest, unlawful seizure of currency, and malicious prosecution. (*Compare* Doc. 42-1, pp. 8-10, *with* Doc. 17, p. 4). Count VII of the proposed second amended complaint alleges a claim for failure to intervene under the Fourth Amendment. While the operative complaint did not explicitly identify that claim, the factual allegations and timeline of events included therein could have put Defendants on notice. (*See* Doc. 17, pp. 2-3) Accordingly, the Court finds that Defendants would not suffer any prejudice from the proposed amendments on those claims.

On the other hand, Count VI appears to assert a new retaliation claim under the First and Fifth Amendments against Defendant Ripperda for charging Plaintiff with an unsupported felony charge in retaliation for Plaintiff's invocation of his right to remain silent after being transferred to the police station on September 9, 2023. Neither the original nor the operative amended complaint included any factual allegations regarding Plaintiff's invocation of his right to remain

silent and Ripperda's alleged retaliatory charge of Plaintiff with a felony. (*See* Docs. 1 & 17). In fact, in the operative complaint, Plaintiff alleged that the "'intent to deliver' charge was used as a pretext to justify seizing Plaintiff's cash and vehicle." (Doc. 17, p. 3). Plaintiff does not explain what prompted the change in his alleged theory or why he did not raise the retaliation claim earlier. Further, bringing this claim now will prejudice Defendants, who have already taken Plaintiff's deposition and would incur additional costs to depose him again on the newly asserted cause of action. The Court further notes, without holding, that this claim might be barred by the applicable two-year statute of limitations in light of Plaintiff's failure to bring it earlier on in this case.[2] Accordingly, the Court will not allow Plaintiff to proceed on Count VI of the proposed second amended complaint.

Finally, in Count VIII, Plaintiff is bringing a claim for statutory indemnification against the City of Centralia pursuant to 745 ILCS 10/9-102 on the ground that each individual Defendant was an employee of the City of Centralia and acted within the scope of his or her employment in committing the alleged constitutional violations. Plaintiff states that he only brings this claim for the purpose of securing satisfaction of any such judgment under 745 ILCS 10/9-102 and asserts no independent claim of municipal wrongdoing against the City of Centralia. Defendants do not raise any objection to that specific claim, and the Court sees no prejudice to Defendants in allowing Plaintiff to add the City of Centralia for indemnification purposes only. Accordingly, the Court will allow Plaintiff to proceed on that claim.

---

[2] Federal civil rights claims arising in Illinois are subject to the state two-year personal injury limitation period under 735 ILCS 5/13-202. *Wallace v. Kato*, 549 U.S. 384, 387, 394 (2007); *Henderson v. Bolanda*, 253 F.3d 928, 931 (7th Cir. 2001). The statute of limitations begins to run on the date a cause of action accrues. 735 ILCS 5/13-202.

Therefore, Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. 42) is **GRANTED in part and DENIED in part**. Plaintiff has up to **November 20, 2026**, to file a Second Amended Complaint that omits Count VI of the proposed second amended complaint (retaliation for invoking the right to remain silent).

**IV. Conclusion**

For these reasons, Plaintiff's Motion for Entry of a Proposed Order Governing Discovery of Electronically Stored Information (Doc. 34) is **DENIED without prejudice**. Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. 42) is **GRANTED in part and DENIED in part**. Plaintiff has up to **November 20, 2026**, to file a Second Amended Complaint that omits Count VI of the proposed second amended complaint (retaliation for invoking the right to remain silent).

**IT IS SO ORDERED.**
**DATED: November 13, 2026**



**J. PHIL GILBERT**
**DISTRICT JUDGE**